UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

JOHN DAVID PAMPLIN,

Petitioner,

v.

STATE OF NEVADA,

Respondent.

Case No. 3:18-cv-00378-RCJ-WGC

ORDER DENYING
CERTIFICATE OF APPEALABILITY

This action was initiated, *pro se*, on August 10, 2018, by John David Pamplin, a Nevada prisoner. On that date, Pamplin submitted a document entitled "Request for Personal Restraint Petition Injunction" (ECF No. 1-1). In that document, Pamplin challenged a state-court criminal conviction and sentence. As such, the Court determined that his request was in the nature of a petition for writ of habeas corpus. Pamplin did not pay the filing fee for this action, and he did not submit an application to proceed *in forma pauperis*. Moreover, the petition was not on the form required by this Court. The Court summarily dismissed the action on those grounds on August 14, 2018 (ECF Nos. 3, 4). Pamplin did not appeal from the August 14, 2018, order and judgment.

On October 4, 2018, Pamplin filed an application to proceed *in forma pauperis* (ECF No. 10), and a document entitled "Refiling Request for Personal Restraint Petition Injunction" (ECF No. 11). On October 24, 2018, the Court denied the application to proceed *in forma pauperis*, and the "Refiling Request for Personal Restraint Petition Injunction." The Court found that the post-judgment motion was patently frivolous, and that there was no need for Pamplin to proceed *in forma pauperis* in this closed action. The Court instructed Pamplin that, if he intended to initiate a habeas corpus action in this Court, he should file a petition for writ of habeas corpus, on the correct form, and he

1

should submit, with the petition, either the $5 filing fee or a new application to proceed *in forma pauperis*. The Court informed Pamplin that he should do so in a new action, and that he should not put the case number from this action on documents filed to initiate the new action. *See* Order filed October 24, 2018 (ECF No. 12).

Pamplin then filed, in the Ninth Circuit Court of Appeals, an application for issuance of a certificate of appealability (ECF No. 13). It appears that the Court of Appeals treated that as a notice of appeal and forwarded a copy of it to this Court for filing (ECF No. 13).

On January 16, 2019, the Court of Appeals issued an order stating that "[b]ecause the notice of appeal was not filed or delivered to prison officials within 30 days after the judgment was entered on August 14, 2018, the scope of this appeal is limited to review of the October 24, 2018 order denying the October 4, 2018 motions." *See* Order of Court of Appeals filed January 16, 2019 (ECF No. 15). The Court of Appeals remanded the case to this Court for the limited purpose of granting or denying a certificate of appealability with respect to the October 24, 2018 order. *See id.*

The issuance of a certificate of appealability is governed by 28 U.S.C. § 2253(c). The Supreme Court has interpreted section 2253(c) as follows:

> Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district cour"s assessment of the constitutional claims debatable or wrong. The issue becomes somewhat more complicated where, as here, the district court dismisses the petition based on procedural grounds. We hold as follows: When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also James v. Giles*, 221 F.3d 1074, 1077-79 (9th Cir. 2000).

Applying this standard, the Court finds that a certificate of appealability is plainly unwarranted. Pamplin has never submitted a petition for writ of habeas corpus to this

2

court on the proper form, or, for that matter, in any form that would allow the Court to screen the petition in a meaningful manner. Pamplin's October 4, 2018, post-judgment motion – his "Refiling Request for Personal Restraint Petition Injunction" (ECF No. 11) – made no showing of any ground for relief from the August 14, 2018, judgment. *See* Fed. R. Civ. P. 60. As there was no showing of any ground to vacate the judgment and reopen this action, Pamplin's October 4, 2018, application to proceed *in forma pauperis* was plainly moot. Moreover, in the October 24, 2018, order, the Court instructed Pamplin how to initiate a habeas corpus action and sent him the forms to do so (The Court observes that Pamplin does in fact have another habeas action, which appears to have been initiated using the proper form, pending in this Court, Case No. 3:18-cv-00382-RCJ-CBC; the Court takes judicial notice of the proceedings in that action). In this Court's view, it is beyond reasonable debate that the Court properly denied Pamplin's October 4, 2018, motions.

**IT IS THEREFORE ORDERED** that the petitioner is **DENIED** a certificate of appealability with respect to this Court's order filed October 24, 2018 (ECF No. 12).

**IT IS FURTHER ORDERED** that the Clerk of the Court is directed to send to the Clerk of the Ninth Circuit Court of Appeals the record in this case with a copy of this order, as instructed in the Court of Appeals' January 16, 2019, order (ECF No. 15).

DATED THIS 26 day of February, 2019.

_____
ROBERT C. JONES,
UNITED STATES DISTRICT JUDGE